IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES L. FREEMAN III,

                **Plaintiff,**

   v.                                             CASE NO. 18-3162-SAC

SHAWNEE COUNTY, KANSAS, et al.,

                **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Charles L. Freeman III, a prisoner at the Eldorado Correctional Facility in El Dorado, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

### I. Nature of the Matter before the Court

Plaintiff's complaint (ECF Doc. 2)[1] includes three counts which are all related to the prosecution in Shawnee County, Kansas, resulting in his conviction on six counts of aggravated criminal sodomy and aggravated indecent liberties with a child. The three counts of Plaintiff's complaint allege the following: 1) one of the investigating detectives falsified his report and the interrogation of Plaintiff's co-defendant, John D. Smith; 2) the district attorneys conspired to have the witnesses perjure themselves; and 3) the DVD of the interrogation of John Smith shown at trial

---

[1] Plaintiff initially filed a complaint that was not on court-approved forms (ECF Doc. 1). In an effort to understand Plaintiff's allegations, the Court has reviewed both complaints.

was different than the recording provided to Plaintiff. Plaintiff names as defendants Shawnee County, Kansas; Mike Kaygay, Shawnee County District Attorney; Dustin Curray, Assistant District Attorney; Roger Luedke, Assistant District Attorney; John D. Smith, witness for the prosecution; Deborah Fay Sorenson, witness and Plaintiff's ex-wife; Christopher Sorenson, witness; Crystal Klein, witness; Brittany Freeman-Sorenson, witness; Cheryl Rios, Shawnee County District Court Judge; and Timothy Phelps.

Plaintiff seeks to have his convictions overturned and all charges dismissed. He also seeks compensation for the loss of his business that was closed due to his arrest.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise

a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

Plaintiff's complaint relates entirely to his prosecution and conviction in state court, and the primary remedy he requests is the overturning of his conviction and his release. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997); *see Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release."). Thus, Plaintiff may not challenge his conviction in this civil rights action, but may only do so by filing a petition for writ of habeas corpus. However, a prerequisite to filing a habeas corpus petition in federal court is full exhaustion of all remedies available in the state courts. According to state court records available online, Plaintiff's direct appeal of his conviction was filed on August 6, 2018, and is pending. Plaintiff's complaint must be dismissed without prejudice to his raising his allegations in a habeas corpus petition after he has exhausted all available state remedies.

In addition to release, Plaintiff asks for compensatory damages. While a civil rights action may be the appropriate avenue for pursuing compensation for a violation of constitutional rights, Plaintiff's action is premature. Before recovering damages under § 1983 for an allegedly

unconstitutional conviction or sentence, a plaintiff must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff cannot make such a showing at this time.

## VI. Response Required

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Plaintiff is therefore required to show good cause why his complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **October 22, 2018**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED: This 21st day of September, 2018, at Topeka, Kansas.

                                                  **s/ Sam A. Crow**
                                                  **SAM A. CROW**
                                                  **U.S. Senior District Judge**