IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES L. FREEMAN III,

        **Plaintiff,**

v.                                                                             CASE NO. 18-3162-SAC

SHAWNEE COUNTY, KANSAS, et al.,

        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Charles L. Freeman III, a prisoner at the Eldorado Correctional Facility in El Dorado, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. Mr. Freeman alleges various defects with his prosecution in Shawnee County, Kansas, resulting in his conviction on six counts of aggravated criminal sodomy and aggravated indecent liberties with a child. He claims: 1) one of the investigating detectives falsified his report and the interrogation of Plaintiff's co-defendant, John D. Smith; 2) the district attorneys conspired to have the witnesses perjure themselves; and 3) the DVD of the interrogation of John Smith shown at trial was different than the recording provided to Plaintiff. Plaintiff names as defendants Shawnee County, Kansas; Mike Kaygay, Shawnee County District Attorney; Dustin Curray, Assistant District Attorney; Roger Luedke, Assistant District Attorney; John D. Smith, witness for the prosecution; Deborah Fay Sorenson, witness and Plaintiff's ex-wife; Christopher Sorenson, witness; Crystal Klein, witness; Brittany Freeman-Sorenson, witness; Cheryl Rios,

1

Shawnee County District Court Judge; and Timothy Phelps. Plaintiff seeks to have his convictions overturned and all charges dismissed. He also seeks compensation for the loss of his business that was closed due to his arrest.

On September 21, 2018, the Court entered a Memorandum and Order to Show Cause (MOSC) (ECF No. 6), ordering Plaintiff to show cause by October 22, 2018, why his complaint should not be dismissed due to the deficiencies set forth in the MOSC. The MOSC stated that if Plaintiff failed within the time allotted to file a response, this action could be dismissed without further notice. Plaintiff has not responded to the MOSC.

As explained in the MOSC, because Plaintiff's complaint relates entirely to his prosecution and conviction in state court, and because the primary remedy he requests is the overturning of his conviction and his release, a petition for habeas corpus relief is his sole remedy in federal court. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997); *see Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release."). However, a prerequisite to filing a habeas corpus petition in federal court is full exhaustion of all remedies available in the state courts, and Plaintiff's direct appeal of his conviction remains pending. Therefore, Plaintiff's complaint must be dismissed without prejudice to his raising his allegations in a habeas corpus petition after he has exhausted all available state remedies.

In addition, Plaintiff claim for compensatory damages for violation of his constitutional rights is premature under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 14th day of November, 2018, at Topeka, Kansas.

                                              **s/ Sam A. Crow**
                                              **SAM A. CROW**
                                              **U.S. Senior District Judge**